UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-25487-CIV-DAMIAN

LUIS ADRIAN ALVAREZ PILAY,
*ICE Facility: Florida Soft Side South.*
*By and through his next friend Antonia Pilay,*

      Petitioner,

v.

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,

      Respondent.
_____/

## ORDER FOR TRANSFER OF VENUE

**THIS CAUSE** came before the Court *sua sponte*. On November 24, 2025, *pro se* Petitioner, Luis Adrian Alvarez Pilay ("Petitioner"), by and through his next friend, and mother, Antonia Pilay, filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 [ECF No. 1], attacking his alleged unconstitutional detention by United States Immigration and Customs Enforcement. As set forth below, the Petition is transferred to the United States District Court for the Middle District of Florida.

While Petitioner's mother resides in Miami-Dade, Florida, *see* Petition at 1, he is currently housed at Florida Soft Side South in Ochopee, Florida, which is in Collier County. *See* U.S. Immigration and Customs Enforcement Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited Nov. 25, 2025). Collier County is located within the Middle District of Florida. *See* 28 U.S.C. § 89; *see also Morales v. Dade Corr. Inst.*, No. 4:23-CV-00303-AW-MAF, 2023 WL 5184190, at *2 (N.D. Fla. July 20, 2023) ("Here,

there is no allegation connecting the events or the parties to the Northern District of Florida. Dade Correctional Institution is in the Southern District of Florida; and Plaintiff is housed there. Venue is proper in the Southern District of Florida."), *report and recommendation adopted,* No. 4:23-CV-303-AW-MAF, 2023 WL 5184157 (N.D. Fla. Aug. 11, 2023).

The general venue statute informs the Court that:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." District courts have the authority to transfer cases *sua sponte. See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (affirming district court's *sua sponte* transfer of case pursuant to 28 U.S.C. § 1406(a)); *Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) (recognizing that a court "may transfer a case *sua sponte* under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406).

Accordingly, **UPON CONSIDERATION** of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Middle District of Florida.

2.  The Clerk of Court is directed to **CLOSE** this case.

3.  All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, on this

1st day of December, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    **Luis Adrian Alvarez Pilay,**
       **By and through Antonia Pilay,** *Pro Se*
       A# 240 555 678
       12120 SW 188th St.
       Miami, FL 33177

3